United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JEFFREY APPENRODT,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 3:16-cv-02010-LB

**ORDER DENYING PETITIONS TO QUASH SUMMONS AND THIRD-PARTY SUMMONS AND GRANTING MOTION FOR SUMMARY ENFORCEMENT**

[ECF Nos. 4, 16, & 20]

## INTRODUCTION

This case concerns two summonses issued by the Internal Revenue Service ("IRS") to petitioner Jeffrey Appenrodt and third party Bank of America in connection with an IRS inquiry into Mr. Appenrodt's tax liabilities. On April 15, 2016, the petitioner, Mr. Appenrodt, moved to quash an IRS summons issued to third-party record-keeper Bank of America,[1] and moved to quash an IRS summons against himself on June 2, 2016.[2] The government opposes the motion to quash and moves for summary enforcement of the summonses.[3] The court finds it can decide this matter

[1] Petition to Quash Third Party Summons ("Petition") – ECF No. 4. Record citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Amended Petition to Quash Third Party Summons ("Amended Petition") – ECF No. 16.

[3] Memorandum in Opposition and Motion for Summary Enforcement ("Opposition") – ECF No. 20.

without oral argument under Civil Local Rule 7-1(b) and vacates the hearing set for July 28, 2016. For the foregoing reasons, the court denies Mr. Appenrodt's motions to quash and grants the government's motion for summary enforcement.

**STATEMENT**

On March 18, 2016, IRS Revenue Agent Damon Poon issued an IRS third-party summons to Bank of America, labeled as "In the matter of Jeffrey Appenrodt."[4] The summons requested Bank of America to give testimony to Agent Poon regarding the following assets of Mr. Appenrodt: (1) private banking; (2) savings-account records; (3) checking-account records; (4) loan records; (5) safe-deposit-box records; (6) Certificates of Deposits, Money Market certificates, and retirement accounts; (7) U.S. Treasury notes and bills; (8) stocks and bonds; (9) purchases of bank checks; and (10) other records.[5] On April 15, 2016, Mr. Appenrodt filed his first petition to quash the third-party summons and filed an amended petition on April 18.[6] Mr. Appenrodt consented to magistrate-judge jurisdiction on April 26, 2016, and the government consented to magistrate jurisdiction within its case-management statement submitted to the court on June 22, 2016.[7]

On May 4, 2016, the IRS issued a summons to Mr. Appenrodt, directing him to appear for examination on June 6, 2016.[8] The summons also requested that Mr. Appenrodt supply a number of documents at this examination concerning the 2014 tax year, including preparatory documents for his tax return, all bank statements, and all Schedule C receipts and expenses.[9] Four days before his IRS examination, Mr. Appenrodt filed an amended petition to quash the summons against him in addition to the third-party summons against Bank of America.[10]

---

[4] Petition – ECF No. 4 at 6.

[5] *Id.* at 6-7.

[6] Petition – ECF No. 1 and ECF No. 4.

[7] Consent Form – ECF No. 10; Case Management Statement – ECF No. 19.

[8] Amended Petition – ECF No. 16 at 2.

[9] *Id.* at 2-3.

[10] *Id.*

Mr. Appenrodt argues three main points. First, he asserts that the government has not established "relevancy and materiality" in its *prima facie* case as required by *United States v. Powell*, 379 U.S. 48 (1964).[11] Mr. Appenrodt then argues that the relevance of the requested information is too attenuated, making the inquiry a "fishing expedition."[12] Finally, Mr. Appenrodt contends that the IRS issued these summonses in bad faith because they intended to harass or pressure him.[13]

To support his allegations, Mr. Appenrodt submitted a declaration by Paul Bartke, his tax preparer since 2011.[14] Mr. Bartke listed Mr. Appenrodt's history of tax returns since the IRS started auditing him in 2005 and argued that the IRS violated the Taxpayer Bill of Rights.[15] Mr. Appenrodt's tax history includes three years when tax deficiencies were found (2005, 2007, and 2008), one year when an audit resulted in no change (2006), two years when taxes were filed in accordance with a United States Tax Court decision (2009 and 2010), and three years when audit proceedings began but were not completed (2011, 2012, and 2013).[16] Mr. Bartke also argues that the IRS violated Mr. Appenrodt's rights to privacy, confiden tiality, retain representation, and a fair tax system protected by the Taxpayer Bill of Rights.[17]

The government argues that the summonses were issued for a legitimate purpose — to inquire into Mr. Appenrodt's tax liability — and that the requested records were relevant to that purpose.[18] The government further asserts that the summonses were neither duplicative nor unnecessary, were not issued to harass Mr. Appenrodt, and did not violate any applicable regulations.[19]

The government submitted declarations from IRS Agents Poon and Black attesting to the

---

[11] Petition – ECF No. 4 at 5.

[12] *Id.* at 5-6.

[13] *Id.* at 6; Amended Petition – ECF No. 16 at 4.

[14] Bartke Decl. – ECF No. 17.

[15] *Id.* at 2-4.

[16] *Id.* at 2-3.

[17] *Id.* at 3.

[18] Opposition – ECF No. 20 at 3-4.

[19] *Id.* at 3, 6-7.

IRS's purpose in issuing the summonses[20] and copies of the summonses issued to Bank of America and Mr. Appenrodt.[21] Agent Poon, who issued the summons to Bank of America, and Agent Black, who issued the summons to Mr. Appenrodt, both confirmed in their declarations that they acted in the course of their assigned duties as IRS Revenue Agents and served the summonses to investigate Mr. Appenrodt's 2014 tax liability, which he was selected for after a randomly selected audit in 2013 showed abnormalities.[22] The Agents also declared that the items summoned would help them verify and assess Mr. Appenrodt's tax obligations.[23] The summonses submitted by the government are filled forms, which state the items to be examined and the time, date, and location that the examination will take place.[24]

**GOVERNING LAW**

The Internal Revenue Service has the authority to issue summonses to taxpayers for the purpose of ascertaining the correctness of a tax return or determining tax liability. 26 U.S.C. § 7602(a). The scope of the summons includes books, papers, records, or other data that may be relevant or material to an inquiry of tax liability; the IRS may also summon the taxpayer or any other person with authority over personal or business accounts of the taxpayer. 26 U.S.C. § 7602(a)(1) & (2). Relevance is not held to the same high standards as evidence in court; "the IRS [may] obtain items of even *potential* relevance to the ongoing investigation . . . ." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984).

Petitions to quash an IRS summons are governed by 26 U.S.C. § 7609. Jurisdiction is conferred on the federal district court in which the person to be summoned resides; because Mr. Appenrodt lives in San Francisco, this court has jurisdiction. 26 U.S.C. § 7604(a); 26 U.S.C. §

---

[20] Poon Decl. – ECF No. 21; Black Decl. – ECF No. 22.

[21] Bank of America Summons – ECF No. 21-1; Appenrodt Summons – ECF No. 22-1.

[22] Poon Decl. – ECF No. 21 at 1-2; Black Decl. – ECF No. 22 at 1-2; *see also* Bartke Decl. – ECF No. 17 at 2.

[23] *Id.*

[24] Bank of America Summons – ECF No. 21-1 at 1; Appenrodt Summons – ECF No. 22-1 at 1-3.

7609(h)(1).

A person who is entitled to notice of a summons may initiate proceedings to quash the summons within twenty days. 26 U.S.C. § 7609(b)(2)(A). In this proceeding, the government may seek to compel compliance with the summons, as it has done here. *Id.*; ECF No. 20. Section 7609 applies to all summonses issued under § 7602(a)(2) except summonses served "on the person with respect to whose liability the summons is issued . . . ." 26 U.S.C. § 7609(c)(1) & (2)(A).

The Supreme Court has explicitly rejected any semblance of a probable-cause requirement to obtain enforcement of a § 7602 summons. *Powell*, 379 U.S. at 57. To enforce a summons, the government must show the following: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the government's possession; and (4) that all administrative steps have been followed, including proper notice. *Id.* at 57-58.

Before a summons is enforced, a taxpayer "may challenge the summons on any appropriate ground." *Powell* also states that there may be instances in which the court may "inquire into the underlying reasons for the examination." *Id.* at 58. Some noted improper purposes for issuing a summons are harassing the taxpayer or putting pressure on the taxpayer to settle a collateral dispute. *Id.* The court also notes that the burden to prove improper purpose is on the taxpayer, and there the burden was not met by showing that the statute of limitations has run or that records in question have already been examined. *Id.*

## ANALYSIS

### 1. The IRS Has a Legitimate Purpose for These Summonses

#### 1.1 The IRS Has Sufficiently Stated Its Purpose

Mr. Appenrodt argues that the summonses issued to Bank of America and to himself do not pass the four-part relevancy and materiality test required by § 7602 and elaborated on in *Powell*.

First, Mr. Appenrodt states that because the summons issued to Bank of America by Agent Poon facially "claimed 'legitimate purpose,'" the summons therefore was not issued with a

legitimate purpose.[25] This is unconvincing because the legal standard requires a statement of legitimate purpose only when the government seeks enforcement, which did not occur until the government's motion for summary enforcement was filed. *See Powell*, 379 U.S. at 57.

The government's motion provides sufficient facts to demonstrate a legitimate purpose. The government asserts that Mr. Appenrodt was audited in three previous tax-years — 2005, 2007, and 2008 — and that all three audits resulted in findings of tax deficiencies.[26] The government further states that an IRS computer randomly selected Mr. Appenrodt for an audit of his 2013 tax return, and that this audit revealed "unusually large amounts of unexplained deposits."[27] This explanation qualifies as a legitimate purpose in both summonses.

**1.2 The IRS Did Not Have an Improper Purpose in Issuing the Summonses**

Mr. Appenrodt repeatedly asserts an improper purpose in the issuance of the summonses, alleging harassment.[28] Mr. Appenrodt cites *Powell* for the proposition that "summonses 'issued for an improper purpose, such as to harass the taxpayer, are not enforced by courts as enforcement would constitute an abuse of the court's process.'"[29] The quoted section in *Powell* does address improper purposes, and states that courts may inquire as to the "underlying reasons for the examination[,]" but explicitly places the burden to prove improper purpose on the taxpayer and that burden is not met by a "mere showing . . . that the statute of limitations . . . has run or that the records in question have already been once examined." *Powell*, 379 U.S. at 58.

The primary basis for this allegation seems to be that the IRS conducted five audits of Mr. Appenrodt's tax liabilities over the course of ten years.[30] The IRS readily admits that fact, and further states that three of the first four audits of Mr. Appenrodt's tax returns in 2005, 2007, and

---

[25] Petition – ECF No. 4 at 8.

[26] Opposition – ECF No. 20 at 3.

[27] *Id.* at 3-4; Poon Decl. – ECF No. 21 at 2; Black Decl. – ECF No. 22 at 2.

[28] Petition – ECF No. 4 at 8; Amended Petition – ECF No. 16 at 5.

[29] Amended Petition – ECF No. 16 at 4.

[30] *Id.*; *see also* Opposition – ECF No. 20 at 3.

2008 resulted in a United States Tax Court decision finding tax deficiencies.[31] The IRS states that Mr. Appenrodt was randomly selected for an analysis for the 2013 tax year, which again resulted in abnormalities, and caused them to issue the summonses at issue here for the 2014 tax year.[32] While these facts would certainly be frustrating to any taxpayer, Mr. Appenrodt's audit history is not illegal, nor does it rise to the level of harassment.

A recent Supreme Court decision illustrates the burden on the taxpayer to prove improper purpose. In this case, the taxpayer alleged retaliation by the IRS for refusing to waive a statute of limitations and improper seeking of summons enforcement to skirt discovery laws. *United States v. Clarke*, 134 S. Ct. 2361, 2366 (2014). The Court affirmed that "courts may ask only whether the IRS issued a summons in good faith, . . . and the IRS can satisfy that standard by submitting a simple affidavit from the investigating agent." *Id.* at 2367. The standard for a showing of bad faith is a "showing of facts that give rise to a plausible inference of improper motive," and even circumstantial evidence will suffice. *Id.* at 2367-68. The Court contrasted this standard with the standard the Eleventh Circuit had applied: "even bare allegations of improper purpose [entitles] a summons objector to question IRS agents." *Id.* at 2368.

Here, the IRS agents complied with their duties by submitting declarations, and Mr. Appenrodt's allegations of harassment do not rise above the level of bare assertions. The taxpayer in *Clarke* alleged specific ways that he believed the IRS was acting with an improper purpose: seeking a way around discovery procedures, issuing summons at knowingly inconvenient times, and retaliatory intent. *See generally id.* Mr. Appenrodt merely lists his audit history, makes unsubstantiated claims that IRS agents violated his privacy rights by setting up appointments via telephone, and states that "[i]t is unclear at this time what 'bad faith' purpose [Agent] Poon is pursuing in issuance of this Summons."[33] These allegations do not rise to the level of a plausible inference of improper purpose.

---

[31] Opposition – ECF No. 20 at 3.

[32] *Id.* at 3-4.

[33] Petition – ECF No. 4 at 8;

United States District Court
Northern District of California

**2. The IRS's inquiries are relevant to its legitimate purpose**

Mr. Appenrodt's argument here focuses on the IRS's engaging in a "fishing expedition."[34] He supports this proposition with two assertions: (1) the IRS did not identify any specific tax laws on the faces of its summonses; and (2) the activity that caused suspicion in the IRS's 2013 tax-year investigation, unaccounted large deposits, do not violate specific federal laws, the requested records therefore are not relevant.[35] Mr. Appenrodt believes that the IRS cannot even approach the relevance necessary under § 7602 to enforce a summons.[36] These contentions are without merit.

Mr. Appenrodt fails to state in his petition any precedent or statute to support this contention.[37] The law does not state that a summons must include tax code in its text to be valid, nor does the law require an allegation of specific violations. Mr. Appenrodt's contention that "[i]t is well settled precedent [that a] summons must state the 'liability' (actual or ostensible) for which it is issued"[38] is incorrect and unsupported by both statute and case law.

Mr. Appenrodt also submitted full copies of the summonses issued to him and Bank of America, which included more information than the copies submitted by the IRS.[39] Mr. Appenrodt's copies clearly and unambiguously include multiple pages of each summons devoted to explaining the applicable Internal Revenue Code sections.[40] This nullifies Mr. Appenrodt's argument that the IRS did not identify specific tax laws on the faces of its summonses.

Under § 7602, the IRS is authorized to summon and examine information and take testimony which *may be* relevant. 26 U.S.C. § 7602(a)(1), (2), & (3) (emphasis added). "The language 'may be' reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." *Arthur Young*, 465

---

[34] *Id.* at 7-8.

[35] *Id.* at 8.

[36] *Id.* at 6.

[37] *See* Petition – ECF No. 4 at 7.

[38] *Id.*

[39] Appenrodt Summons – ECF No. 25-1; Bank of America Summons – ECF No. 25-2.

[40] Appenrodt Summons – ECF No. 25-1 at 3-6; Bank of America Summons – ECF No. 25-2 at 2 & 4.

United States District Court
Northern District of California

U.S. at 814 (quoting 26 U.S.C. § 7602(a)) (emphasis in original). Additionally, "if the summons power claimed is . . . necessary to enforce the tax Code, that authority should be upheld absent express statutory prohibition or substantial countervailing policies." *United States v. Euge*, 444 U.S. 707, 711 (1980).

As in years past, all the financial documents summonsed by the IRS from both Mr. Appenrodt and Bank of America are within the regular scope of requested documents and testimony. Furthermore, as the government states in its brief, even if the IRS's goal was to go on a "fishing expedition" to seek additional information regarding Mr. Appenrodt's tax liability, it would be acceptable so long as there is no improper purpose.[41]

In his reply brief, Mr. Appenrodt newly asserts that many of the bank accounts requested in the Bank of America summons are in held in trust for his clients and not personal and therefore are not relevant to his tax return.[42] This may be true, but because relevance here is a factual question and not a legal question, the IRS is better situated to determine relevance of these accounts than the court. Furthermore, the IRS's dropping these accounts from an inquiry of Mr. Appenrodt's previous tax liabilities does not force them to do so when analyzing his 2014 tax return.

Agents Poon's and Black's declarations speak directly to the relevance of the summonsed documents and testimony. "The items sought would allow IRS agents to characterize and verify deposits as taxable income or deductible expenses made into Jeffrey Appenrodt's accounts. Access to and receipt of the summoned items . . . continues to be essential to completion of Jeffrey Appenrodt's tax liabilities."[43] This declaration, signed by both IRS agents issuing summons in this case, is sufficient to show its potential relevance.

[41] *See* Opposition – ECF No. 20 at 5-6.

[42] Reply to Opposition – ECF No. 26 at 2; Appenrodt Decl. – ECF No. 25 at 3

[43] Poon Decl. – ECF No. 21 at 2 & Black Decl. – ECF No. 22 at 2.

United States District Court
Northern District of California

**3. The IRS Likely Does Not Possess the Summoned Documents and Has Complied With All Administrative Requirements**

The final two elements of a *prima facie* showing under *Powell* require only attestation as to their veracity. These are purely "factual inquiries." *See Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985). The law does not prevent all duplicative documents from being produced, but rather duplicative examinations. *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976).

Agents Poon and Black attest in their respective declarations that Bank of America and Mr. Appenrodt, respectively, possess documents and information otherwise unavailable to the IRS.[44] The court has no reason to doubt these statements' accuracy, especially considering that Mr. Appenrodt's only contention regarding this matter is a bare legal conclusion that "much of the information sought is already in the possession of the IRS and/or is available to it through standard audit procedures."[45]

Even if the documents requested by the IRS from Bank of America and Mr. Appenrodt are duplicative, "the relevance of a document may depend on its source." *United States v. Millman*, 650 F. Supp. 508, 517 (E.D.N.Y. 1986). Regardless, an examination of the two summonses shows that they request production of entirely separate documents.[46] The only crossover between the two is the request for Mr. Appenrodt to "provide bank statements for all your . . . bank accounts."[47] This request includes all accounts held with other banks than Bank of America, and therefore is not duplicative. The two requests also cover different periods of time.[48] This undermines Mr. Appenrodt's assertion that "the second summons is harassing and unnecessary."[49]

Mr. Appenrodt does not contend that the fourth *Powell* requirement is not met. The totality of the evidence submitted shows that the IRS fulfilled all administrative requirements, including

---

[44] Poon Decl. – ECF No. 21 at 2 & Black Decl. – ECF No. 22 at 2.

[45] Amended Petition – ECF No. 16 at 5.

[46] Bank of America Summons – ECF No. 21-1 at 1; Appenrodt Summons – ECF No. 22-1 at 2-3.

[47] Appenrodt Summons – ECF No. 22-1 at 2.

[48] Bank of America Summons – ECF No. 21-1 at 1; Appenrodt Summons – ECF No. 22-1 at 2-3.

[49] Amended Petition – ECF No. 16 at 5.

United States District Court
Northern District of California

proper notice.

**4. The IRS's Inquiries Do Not Violate Any Other Legal Mandate**

Mr. Appenrodt's final argument is that the summonses violate the Internal Revenue Code, the Internal Revenue Manual ("I.R.M."), Treasury regulations, and the Taxpayer Bill of Rights.[50] The court rejects all four of these arguments.

This order has already addressed all alleged violation of the Internal Revenue Code. The IRS's authority to issue summons, and Mr. Appenrodt's ability to file a petition to quash that summons, are controlled by 26 U.S.C. § 7602 and § 7609, respectively, and have been discussed throughout this order.

In his petitions, Mr. Appenrodt cites only one valid Internal Revenue Manual section: I.R.M. § 25.5.1.4, which is titled "Factors to Consider Before Issuing a Summons."[51] The I.R.M. is not binding law, but does provide guidance to IRS agents. Mr. Appenrodt states that the IRS should have attempted "to obtain information voluntarily" from him and Bank of America before issuing summons.[52] This may be a good practice, but the manual does not provide Mr. Appenrodt with any additional legal rights, and it does not change the outcome of this petition.

Mr. Appenrodt does not allege violations of any particular Treasury regulations. The only additional regulation he cites in his petition is 26 C.F.R. § 1.6001-1, which governs record-keeping responsibility and is inapplicable to this case.

Finally, both Mr. Appenrodt and his tax preparer, Paul Bartke, argue that the IRS has violated provisions of the Taxpayer Bill of Rights.[53] The Taxpayer Bill of Rights is a publication issued by the IRS in 2014 that "explains your rights as a taxpayer and the processes for examination, appeal, collection, and refunds."[54] Mr. Appenrodt generally alleges a violation of the Taxpayer Bill of

---

[50] *Id.*

[51] Amended Petition – ECF No. 16 at 5.

[52] *Id.*

[53] *Id.* & Bartke Decl. – ECF No. 17 at 3.

[54] Internal Revenue Service, *Publication 1: Your Rights as a Taxpayer*, IRS.gov (July 13, 2016), accessed at https://www.irs.gov/pub/irs-pdf/p1.pdf.

United States District Court
Northern District of California

Rights, but Mr. Bartke cites four specific sections — seven through ten — that protect privacy, confidentiality, the right to retain representation, and the right to a fair and just tax system.[55] Neither Mr. Appenrodt nor Mr. Bartke alleges any fact that would violate any of these provisions, nor do they provide any showing that these rights are actual legal protections. The court rejects this argument.

## CONCLUSION

The court denies Mr. Appenrodt's petitions to quash the summonses issued to Bank of America and to Mr. Appenrodt. The court grants the government's motion for summary enforcement of the summonses in question. Under 26 U.S.C. § 7609(b)(2)(C), Mr. Appenrodt and Bank of America are bound by this decision of the court and must comply with the summonses issued to them.

**IT IS SO ORDERED.**

Dated: July 27, 2016

LAUREL BEELER
United States Magistrate Judge

[55] *Id.* & Bartke Decl. – ECF No. 17 at 3.